## THE RANZA.

### (District Court, E. D. Pennsylvania. October 15, 1907.)

### No. 36 of 1905.

SHIPPING—INJURY TO STEVEDORE—LIABILITY OF VESSEL.

Where libelant, who was an experienced stevedore, was sent with three others to cover a hatchway in a vessel preparatory to unloading cargo from the between decks, and, being unable to find fore and afters which fitted, they used others which were too long, placing them cornerwise, and when libelant stepped upon the cover it gave way, causing him to fall through and resulting in his injury, the accident was due to his own negligence and that of his fellow workmen, and neither the vessel nor her owners were liable for the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, §§ 349–351.]

In Admiralty. Suit for personal injuries. On final hearing.

William J. Coulen and Jasper Yeates Brinton, for libelant.
Convers & Kirlin and Henry R. Edmunds, for respondent.

HOLLAND, District Judge. On September 25, 1905, Patrick Mulherin filed his libel against the steamship Ranza to recover damages for personal injuries sustained on the afternoon of August 31, 1905, while working as a stevedore upon the vessel. On November 28, 1905, he died, and subsequently, on January 12, 1906, his widow and administratrix, upon petition filed, was substituted as party libelant. The deceased, a stevedore in the employ of Grace Bros., was one of the gang of men assigned to discharge a cargo of iron ore as soon as the Ranza was berthed at Girard Point on the Delaware river. He was directed, with other men, to open hatch No. 3 on the main deck in order to unload the ore then stored in the between decks. Mulherin and three other men were assigned to do this work. They removed the covers from the main deck hatch, but it was necessary that the between deck's hatch of hatch No. 3 should be covered to enable them to remove the part of the cargo stored between decks. They proceeded to place covers upon the hatch, and had covered the aft opening of the hatch when the accident occurred. Hatch No. 3, at which the accident happened, is divided into three sections by two iron athwart ship beams built with the ship, in which were places for nine wooden fore and afters, three to each section. The hatch covers were of wood, and ran athwart ship the full width of the hatch, 12 feet in length.

There is a conflict of evidence as to whether or not the two after covers in the after section of the hatch were in place when the men descended to the between decks, but the weight of the evidence is to the effect that these covers were not in place and that they were put on by Mulherin and the men themselves. They were unable to find fore and afters of the proper length, and went to the upper deck and secured a number which would not fit, and they placed them "catacornered under the hatch covers." After placing the after covers upon the hatch, Mulherin stepped upon one of them, and it gave way, and he went through the hatch, a distance of about 6 feet. The cargo, consisting of ore, was placed in the hold in a cone shape, the top of which he struck in his descent, and slid down near the bottom of the vessel, a distance of some 20 feet. He received some slight injuries, and was taken to a hospital, where he remained a few days. The cause of his death does not appear in the evidence.

If, as claimed, these men had been set to work at a hatch defectively constructed, or constructed of material too weak to hold the weight of the men in the performance of the work required to be done upon it, and a personal injury resulted, the libelant would be entitled to recover, because a vessel is required to maintain decks and covered hatches in such a condition as to avoid personal injury to those who are required to use them, and to exercise ordinary care in inspecting the combings, carlings, and hatch covers, and is chargeable with the responsibility of furnishing covers for hatches and appliances in a proper condition to bear the weight imposed upon them. But in this case Mulherin and his fellow workmen proceeded to cover the hatch with fore and afters and a hatch cover which did not fit. They used this defective material with knowledge of the fact that the fore and afters were too long, and they placed the hatch which precipitated Mulherin into the hold of the vessel. Mulherin and those working with him were obliged to exercise ordinary care in placing these hatches, and, as they were doing the work themselves, it was Mulherin's duty to know whether the covering was safe before he stepped upon it. He was an experienced stevedore, and was not placed at work with which he was unacquainted.

The evidence establishes the fact that Mulherin, with the other men assigned to do this work, was responsible for the dangerous condition of the hatch, which was the cause of his injury. Neither the owners nor the vessel is responsible for the negligent act of Mulherin or his co-laborers, and the petition should therefore be dismissed; and it is so ordered.